UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Roger Price,<br><br>            **Plaintiff,**<br><br>v.<br><br>Crown Limousine Service, Inc., Watts Management, Inc., and William Watts,<br><br>            **Defendants.** | CIVIL ACTION NO.  3:17cv198 |

## COMPLAINT

Plaintiff Roger Price ("Price" or "Plaintiff") respectfully moves for judgment against Crown Limousine Service, Inc. ("Crown"), Watts Management, Inc. ("Watts Management"), and William Watts ("Watts"), (collectively "Defendants").

## Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violations.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule

1

3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Plaintiff is a resident of Virginia who was employed by Defendants as a chauffeur and administrative assistant. Plaintiff was an "employee" as defined in the FLSA.

6. Crown is a Virginia corporation with its principal office in Ashland, Virginia. Crown meets the definition of "employer" as defined in the FLSA.

7. Watts Management is a Virginia corporation with its principal office located in Montpelier, Virginia. Watts meets the definition of "employer" as defined by the FLSA.

8. Watts is the owner and Chief Financial Officer of Crown and had ultimate authority over corporate operations as well as Plaintiff's terms and conditions of employment. Watts meets the definition of "employer" as defined by the FLSA.

9. Crown, Watts Management, and Watts are engaged in the business of providing limousine services. Defendants are joint employers for the purposes of the FLSA in that they share common ownership and management and share responsibility over employer functions such as payroll. Upon information and belief, Crown and Watts Management are related entities. Crown Limousine Service, Inc. is the name of the entity listed on business cards provided to Plaintiff. Watts Management, Inc. is the entity listed on the paystubs and W-2 form provided to Plaintiff. Upon information and belief Watts is involved in the ownership and management of both Crown and Watts Management. Plaintiff does not currently have sufficient facts to determine the precise relationship between Defendants.

## Factual Allegations

10. Price was hired by Defendants in or around August 2015.

11. Price worked at Crown's office located in Ashland, Virginia. He also performed duties in various places around central Virginia including Richmond, Henrico, Chesterfield, Charles City, and New Kent.

12. Price's job required him to perform a mix of office duties and chauffeur duties. Price's job duties included picking up Defendants' customers and driving them on prearranged trips, taking them on pre-determined routes; going to hotels, wedding venues, and conventions to pass out information and brochures about Crown's limousine services; taking limousines to be serviced; cleaning and stocking limousines to ensure they were prepared for future trips; helping train new chauffeurs; and running office errands and picking up office supplies.

13. Price was paid in various ways. He was paid approximately $480 per week to compensate him for working 9:00 a.m. to 5:00 p.m. Monday through Friday. During these hours, he performed both office duties and chauffeur duties.

14. Price was paid between $12 and $25 per hour for performing chauffeur duties outside of the hours of 9:00 a.m. to 5:00 p.m. Monday through Friday.

15. Price was paid an additional $15 per trip for "early a.m." trips that occurred between midnight and 6:00 a.m.

16. Defendants' paid Price an additional service charge of approximately 15% of the total cost of each trip he completed as a chauffeur. This service charge was a compulsory charge that Defendants imposed on its customers for each trip.

17. Price was not paid at all for some of his hours worked.

18. Price was not paid at all for performing office duties outside of the hours of 9:00 a.m. to 5:00 p.m. Monday through Friday.

19. Price was not paid for cleaning his limousine at the end of a trip. Post-trip cleaning duties could take as long as an hour.

20. Price did not get paid for working at various wedding shows and conventions on weekends. These events typically lasted a full day. Price was required to arrive before the event began to set up his table and was required to stay until after the event ended.

21. Price was expected to, and regularly did, work in excess of 55 hours per week.

22. Price regularly worked more than 40 hours per week. However, Price was not paid at a time and a half rate for hours worked over 40 per week.

23. Upon information and belief, Defendants knew or had reason to believe Price was working more than 40 hours per week without being paid overtime.

24. Watts worked at the same office building as Price and often assigned him tasks, and gave him instructions on performing his job duties.

25. Pursuant to the FLSA, Defendants are obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendants failed to do so.

26. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

27. Price was not employed in any bona fide executive, administrative, or professional capacity.

28. Defendants willfully violated the FLSA.

29. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

**FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. reasonable attorneys' fees and costs expended in the prosecution of this case;

E. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Roger Price**
Plaintiff


By:\_\_\_/s/_____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com